**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

LAMAR R. HOLLOMAN, )
)
Plaintiff, )
)
vs. ) Case No. CIV-13-444-M
)
TULSA GAMMA RAY, INC., and )
TRS-TECHNOLOGIES, INC., )
)
Defendants. )

**ORDER**

Before the Court is defendant TRS Technologies, Inc.'s ("TRS") Motion to Dismiss, filed July 3, 2013. On July 31, 2013, plaintiff filed his response, and on August 7, 2013, TRS filed its reply.

I. Background

Defendant Tulsa Gamma Ray, Inc. ("TGR") provides various services to its customers, including non-destructive testing of manufactured and fabricated products. TRS provides skilled technical employees to its customers. TGR is one of TRS' clients. Plaintiff, a welder, alleges that TGA and TRS were joint employers of him. Plaintiff was initially hired in April 2012 and was discharged from his employment on or about July 7, 2012.

On April 30, 2013, plaintiff filed the instant action asserting causes of action for employment discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"). TRS now moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff's claims against it. Specifically, TRS asserts that the face of plaintiff's Complaint shows that plaintiff did

not exhaust his administrative remedies before bringing this action and that plaintiff has failed to state a race discrimination claim against TRS under Section 1981.

## II. Discussion

### A. Exhaustion of administrative remedies

The filing of a timely charge of discrimination with the Equal Employment Opportunity Commission is a jurisdictional prerequisite to bringing a Title VII claim. *See Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980). In his Complaint, plaintiff alleges that he "timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") against Tulsa Gamma Ray, Inc., complaining of race discrimination." Complaint at ¶ 7. Plaintiff, however, does not allege in his Complaint that he timely filed a charge of employment discrimination with the EEOC against TRS. Further, while plaintiff states in his response to TRS' motion to dismiss that TRS was listed on his EEOC Intake Questionnaire and asserts that TRS received notice of the EEOC charge, plaintiff does not dispute that TRS was not actually named in the EEOC charge.

The Tenth Circuit, however, has held "that omission of a party's name from the EEOC charge does not automatically mandate dismissal of a subsequent action under Title VII." *Romero*, 615 F.2d at 1311. In *Romero*, the Tenth Circuit identified the following four factors to consider when determining whether dismissal is warranted:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4)

> whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 1312 (internal citation omitted). The Tenth Circuit further stated that "[d]epending on the facts, additional factors may be relevant." *Id.*

Having carefully considered the *Romero* factors, the Court finds dismissal of plaintiff's Title VII claim against TRS is warranted. First, the Court finds that not only could the role of TRS be ascertained at the time of the filing of the EEOC complaint, the role of TRS was known by plaintiff at the time of the filing of the EEOC charge. Plaintiff listed TRS in his EEOC Intake Questionnaire but has provided the Court no explanation for why TRS was not listed in his EEOC charge, and with no contrary explanation, the Court is left to assume that TRS was intentionally not listed. Second, the Court finds that the interests of TGR and TRS are not so similar that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include TRS in the EEOC proceedings.

Third, the Court finds that TRS's absence from the EEOC proceedings resulted in actual prejudice to TRS' interests. Under the specific circumstances of this case, the Court finds such prejudice particularly apparent. TRS received notice of the EEOC charge, but that notice indicated that the charge was made against TGR and not against TRS. Further, TRS' counsel wrote the EEOC, stating that no charge appears to have been made against TRS and requesting the EEOC to advise counsel if there is a charge against TRS. *See* July 19, 2012 letter, attached as Exhibit 4 to Plaintiff's Response to Defendant TRS Technologies, Inc.'s Motion to Dismiss. Based upon the record before the Court, it does not appear that the EEOC ever advised TRS that there was a charge against it. Thus, TRS was actively led to believe that no charge was made against it. Finally, the

Court finds TRS in no way represented to plaintiff that its relationship with plaintiff is to be through TGR.

Accordingly, the Court finds that plaintiff's Title VII claim against TRS should be dismissed.

B. Section 1981 claim

TRS asserts that plaintiff has failed to state a claim under Section 1981 and pursuant to Rule 12(b)(6), plaintiff's Section 1981 claim against it should be dismissed. Specifically, TRS asserts that plaintiff's Complaint does not allege any specific actions by TRS regarding discrimination and does not allege that plaintiff ever complained to TRS about any alleged race or color discrimination.

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at

678 (internal quotations and citations omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

In his Complaint, plaintiff alleges that TRS and TGR "were joint employers of Plaintiff, and controlled his job duties, work rules, policies and procedures, and terms and conditions of employment." Complaint at ¶ 10.

> Title VII case law recognizes that two separate entities may be a worker's employer if they share or codetermine matters governing the essential terms and conditions of the worker's employment. When a worker is formally employed by one organization, but important aspects of his work are subject to control by another organization, both organizations are employers of the worker. An independent entity with sufficient control over the terms and conditions of the employment of a worker formally employed by another is a joint employer within the scope of Title VII.

*Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1330 (10th Cir. 2002) (quoting *Zinn v. McKune*, 143 F.3d 1353, 1361 (10th Cir. 1998) (Briscoe, J., concurring) (citing *Graves v. Lowery*, 117 F.3d 723, 727 (3d Cir. 1997); *Virgo v. Riviera Beach Assocs.*, 30 F.3d 1350, 1360 (11th Cir. 1994)).

Having carefully reviewed plaintiff's Complaint, the Court finds that plaintiff has set forth sufficient factual matter, accepted as true, to state a Section 1981 claim against TRS. Specifically, the Court finds that plaintiff has set forth, albeit barely, sufficient factual allegations that TRS and TGR were joint employers of plaintiff. Further, because plaintiff has specifically alleged that TRS and TGR were joint employers, the Court finds that plaintiffs' factual allegations regarding defendants, as joint employers, are sufficient to state a discrimination claim against TRS under

Section 1981. *See* Complaint at ¶¶ 13-19. Accordingly, the Court finds that plaintiff's Section 1981 claim against TRS should not be dismissed.

III. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART TRS' Motion to Dismiss [docket no. 8] as follows:

(A) The Court GRANTS the motion to dismiss as to plaintiff's Title VII claim and DISMISSES plaintiff's Title VII claim against TRS, and

(B) The Court DENIES the motion to dismiss as to plaintiff's Section 1981 claim against TRS.

**IT IS SO ORDERED this 29th day of August, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE